KAY, PLAINTIFF-APPELLANT, *v.* KAY ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26169. Decided November 9, 1962.

*Mr. Lex Kintner*, for plaintiff-appellant.
*Mr. Richard B. Kay*, for defendants-appellees.

*Per Curiam.* This case comes to this court on questions of law from a judgment of the Court of Common Pleas rendered

in favor of defendants. The plaintiff is the father of the three defendants. It presents an unusual fact situation in which one son, Richard, a lawyer, conducted the trial against his father, also a lawyer, who did not act as his own lawyer.

The subject of the controversy is the family homestead located at 1502 Arthur Avenue, Lakewood, Ohio, which was originally purchased by the parents when the son, Richard, was about fourteen years of age. Title at that time was taken in the name of Frances A. Kay, wife of the plaintiff and mother of the defendants. During the depression, the property was lost in foreclosure proceedings. The father then arranged to lease the property and the father and the mother, Frances A. Kay, remained tenants thereof until 1941, when the father, Joseph S. Kay, arranged to purchase the property on land contract, signing the contract in the name of his son, Norman B. Kay, by Joseph S. Kay. The record shows that the down payment for the land contract was furnished by the mother of Frances A. Kay. From 1941 until 1947, Joseph S. Kay furnished the substantial portion of the land contract payments. In 1947, having acquired sufficient equity to procure a deed for the property, it was then decided by the parents that the naked legal title should be placed in Richard B. Kay for the reason that Norman B. Kay, for whom the father had signed the land contract, had married in the interim and it was, therefore, feared complications might develop because his wife might claim an interest in the property. Consequently, the deed was made to Richard B. Kay without consideration who, upon request, made a quitclaim deed to his mother, Frances A. Kay. The deed to Frances A. Kay was absolute and delivered to her in due course but not recorded. She thereby became the beneficial owner of the property. The record further shows that a substantial portion of the mortgage payments from 1947 until the time of the death of Frances A. Kay, in 1960, was made by Joseph S. Kay. Thus the situation at the time of the repurchase of the property was precisely the same as it was at the time the property was originally purchased by the parents in 1932.

It appears that the deed was destroyed some time before the mother's death in 1960, thus leaving the naked legal title

in Richard B. Kay, who contends that title reverted to him for the benefit of himself and his brothers. After the death of Frances A. Kay, Richard B. Kay was appointed executor under his mother's will but failed to list the real property as part of the estate which, in our opinion, he should have done.

The question of law presented is whether the destruction of the unrecorded deed revests title in the grantor thereby estopping the husband, as the surviving spouse, from claiming his one-third interest in the real estate under the statutes of descent and distribution.

The established law of Ohio is to the effect that the destruction of an unrecorded deed does not revest title in the grantor. This must be especially true as applied to the facts in the instant case for neither the grantor, Richard, nor his brothers had any real interest in the property, the naked title to which had been placed in the name of Richard merely for convenience at the instance of and for the benefit of the parents.

In *Dukes* v. *Spangler*, 35 Ohio St., 119, syllabus two provides:

"2. Where real estate is conveyed by a husband to his wife, through the intervention of a trustee, the destruction of the unrecorded deeds by the husband, with the assent of the wife and the trustee, will not, of itself, estop the wife, as against the grantor's heir, to claim the land under such conveyance."

In *Jeffers* v. *Philo*, 35 Ohio St., 173, the syllabus provides:

"Where a deed conveying real estate is executed and delivered, the destruction of the unrecorded instrument will not revest the title in the grantor; and the grantee will not be estopped to claim the land under such conveyance, unless such claim would operate as a fraud on his part. *Dukes* v. *Spangler*, *ante*, 119, followed."

We have examined later cases bearing on this subject and find no authoritative decision having the effect of modifying or changing the law established by *Dukes* v. *Spangler* or *Jeffers* v. *Philo*, *supra*.

It is our conclusion, therefore, that the judgment of the Court of Common Pleas must be reversed as contrary to law, and proceeding to enter the judgment which the trial court should have entered, final judgment is entered for plaintiff-

522

appellant by reason of which the father, Joseph S. Kay, will be entitled to one-third of the property under the statutes of descent and distribution, the remaining two-thirds to be divided among the three sons. Journal entry accordingly.

KOVACHY, P. J., SKEEL and HURD, JJ., concur.